The State *v.* Douglass.

---

## THE STATE *v.* DOUGLASS.

A criminal case may be brought to the supreme court by writ of error.

It is sufficient, before a justice of the peace, if the affidavit charges an assault in general terms.

Where the jury, before a justice, in a trial for an assault, returned a verdict of "guilty of a breach of the peace" against the accused, and assessed the fine at five dollars, it was held to be substantially correct.

### ERROR, *to Dubuque District Court.*

GREENE J. A motion is made in this case to dismiss the writ of error, on the ground that it will not lie in a criminal case. As we can see no sufficient reason or authority to support this motion, it must be denied. Our statute places the matter beyond question, that writs of error are applicable in criminal cases. *Rev. Stat.* p. 157, § 77. *Stat.* of 1844, p. 6, § 1; and p. 9, § 35.

*L. A. Thomas,* prosecuting attorney, for the state.

*P. Smith,* for the defendant.

*Opinion by* GREENE, J. Douglass was prosecuted before a justice of the peace for an assault. Trial by jury, verdict of guilty, and fine assessed at five dollars. The case was taken to the district court by writ of certiorari, and there reversed. We infer from the transcript of the record, that one or both of the following two reasons induced the court below to reverse the judgment of the justice.

The State *v.* Douglass.

*First,* the affidavit does not sufficiently specify the facts and circumstances of the offence.

*Second,* the verdict does not sufficiently specify the offence of which the jury found the defendant guilty.

The affidavit in general terms charges, that on the first day of November, 1845, Joseph M. Douglass committed an assault upon him, the deponent, in the county of Dubuque, &c. This, under the statute, we regard as sufficient. The 3d section in the 9th article of the justice's act, requires only a complaint on oath or affirmation, that an assault, battery, affray, or other breach of the peace, has been or is about to be committed. The statute does not contemplate the same formality, and particularity of description, as would be required in an indictment, or complaint for a formal common-law trial. A general complaint, or even the personal knowledge of the justice, without complaint, is sufficient to justify an arrest, and then the statute provides that the case shall be heard and determined, not with technical formality, but " *in a summary mode."*

The verdict too we regard as substantially correct. The statute is complied with, and that is all that should be required. The jury tried the charge against the defendant, and returned the following verdict : " We, the undersigned, do find the defendant guilty of a breach of the peace, and agree that he shall pay the sum of five dollars and costs." Leave the surplusage out, and it is still a good verdict. It was only necessary for them to find the defendant guilty, and assess the fine ; and this they do in their verdict, though with some redundancy, but which cannot render their intention ambiguous.

We think the proceedings before the justice of the peace in this case, were conducted substantially in accordance with the statute regulating them.

The judgment is reversed with costs, and the cause remanded.

Motion denied.